IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY R. BAER,

                Petitioner,

v.

REED RICHARDSON,

                Respondent.

ORDER

20-cv-540-jdp

---

Rodney R. Baer, a prisoner at Stanley Correctional Institution, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and he has paid the $5 filing fee. Baer challenges his 2015 state court conviction in Racine County Circuit Court. Dkt. 1. I denied a previous motion for appointment of counsel without prejudice because, although Baer is financially eligible for appointment of counsel and he attempted to obtain representation, I was not convinced that the case is too complex for Baer to litigate on his own. Dkt. 5.

Baer has renewed his motion for appointment of counsel, or in the alternative, for 30 additional days to file his brief. Dkt. 10. As a civil habeas petitioner, Baer has no automatic right to court-appointed counsel. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But I may appoint counsel for a habeas petitioner if it is in "the interests of justice" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). When deciding whether to appoint counsel, I consider three factors: (1) whether the petitioner could obtain justice without an attorney given the complexity of the case and the petitioner's ability; (2) whether the petitioner could not secure representation on his own; and (3) whether the petitioner would have a reasonable chance of winning if he were represented. *Winsett v. Washington*, 130 F.3d 269, 281

(7th Cir. 1997) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)); *see also Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

In my earlier order, I stated that if the government's answer shows that the case will involve complex matters of law that Baer will be unequipped to litigate, I would reconsider appointment of counsel. Dkt. 5. But Baer now offers a few reasons for the court to appoint counsel. He says he is unschooled in the law and must rely on other inmates to prepare his filings. Dkt. 10. He also says that because of COVID-19 and Stanley Correctional Institution's social distancing measures, only ten people are allowed in the library at one time, which has reduced law library access for Baer and the inmates assisting him with his case. Dkt. 10.

At this time, nothing in the government's answer to Baer's habeas petition raises matters of law that appear too complex for Baer to litigate, based on his filings and communications with the court so far. But given the limited access to the law library at Stanley Correctional Institution, an extension of time to file Baer's brief is appropriate. I will deny Baer's renewed motion to appoint counsel without prejudice and grant his motion for a 30-day extension of time to file his brief.

ORDER

IT IS ORDERED that:

1. Petitioner Rodney R. Baer's renewed motion for appointment of counsel, Dkt. 10, is DENIED without prejudice.

2. Petitioner's motion for an extension of time to file his brief, Dkt. 10, is GRANTED.

3. Petitioner may have until October 23, 2020, to file a brief in support of his petition.

Entered September 3, 2020.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge